UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| Aldemar Salgado Rodriguez (Y-19921), | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 17 C 39 |
| v. | ) ) | Judge John J. Tharp, Jr. |
| Thomas J. Dart, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Aldemar Rodriguez, a prisoner at the Lincoln Correctional Center proceeding *pro se*, filed this 42 U.S.C. § 1983 suit against Cook County Sheriff Tom Dart. Plaintiff alleges he endured adverse living conditions while confined at the Cook County Jail from January 2012 to May 2015: excessive mold; inadequate cleaning materials; infestations of rodents, roaches, and spiders; no hot water in winter; and plumbing problems that resulted in inmates having to use plastic bags instead of a toilet for a period of time. He further alleges he received inadequate medical attention for a spider bite, athlete's foot, and breathing problems resulting from mold.

Currently before the Court is Sheriff Dart's motion for summary judgment, which argues that Rodriguez failed to exhaust administrative remedies; that the living conditions were not sufficiently serious to support a constitutional claim; and that Rodriguez cannot demonstrate deliberate indifference with respect to his claims of inadequate medical attention. Rodriguez filed no response to the summary judgment motion, though he was twice informed of the Court's briefing schedule. For the following reasons, the Court grants Sheriff Dart's motion.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). When determining if a genuine issue of material fact exists, courts construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). If the moving party demonstrates the absence of a disputed issue of material fact, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue" *Johnson v. Advoc. Health and Hosps. Corp.*, 892 F.3d 887, 896 (7th Cir. 2018). This requires more than a showing of some metaphysical doubt as to the material facts," and "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Consistent with the local rules, Sheriff Dart filed a N.D. Ill. Local Rule 56.1(a)(3) Statement of Facts ("SOF") with his summary judgment motion, as well as a Local Rule 56.2 Notice to Pro Litigant explaining how to respond. (Dkt. 42-3 and 43.) The Statement of Facts and responses to it assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). The Statement must "consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Local Rule 56.1(a).

This Court may consider true a Rule 56.1 factual statement by either party that is supported by the record and that is not properly addressed by the opposing party. Local Rule 56.1(a)(3), 56.1(b)(3)(C). Although the Court liberally construes *pro se* pleadings, Plaintiff's *pro se* status does not excuse him from complying with procedural rules. *Milton v. Slota*, 697 Fed. Appx. 462, 464 (7th Cir. Sept. 25, 2017); *McNeil v. United States*, 508 U.S. 106, 113 (1993). "[A] nonmovant's failure to respond to a summary judgment motion, or failure to comply with Local Rule 56.1, does not, of course, automatically result in judgment for the movant . . . [who] must still demonstrate that [he] is entitled to judgment as a matter of law" *Keeton v. Morningstar Inc*, 667 F.3d 877, 880-81, 884 (7th Cir. 2012). But Plaintiff's failure to respond to Defendant's Rule 56.1 Statement means that the factual assertions stated therein—if supported by the record—are deemed true. *See Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017). With these standards in mind, the Court turns to the facts of this case.

## FACTS

Plaintiff was confined at the Cook County Jail from January 17, 2012 to May 11, 2015. (Dkt. 43, Def. SOF ¶¶ 1-2.) During that time, he was housed in Division 1. (*Id.* at ¶ 2.) The jail has an established grievance process. (*Id.* at ¶ 3.) Plaintiff learned about the grievance process from other inmates, and he was familiar with it. (*id.* at ¶¶ 12-13.) The process begins with an inmate submitting a completed Inmate Grievance Form within 15 days of the incident. (*Id.* at ¶ 5.) The inmate retains a pink carbon copy of the grievance. (*Id.*) A written response to the grievance is provided to the inmate, who is required to sign his receipt of the response. (*Id.* at ¶ 6.) If the inmate is dissatisfied with the response, he may file an appeal within 14 days of his receipt of the response. (*Id.* at ¶ 7.) The appeal process is explained on the grievance form, which informs that an appeal is required in order to exhaust the jail's administrative remedies. (*Id.*)

A search of grievances and non-grievance requests filed by Plaintiff during his incarceration at the Cook County Jail reveals that he filed no grievances and two non-grievances. (*Id.* at ¶¶ 8-9.) The non-grievances involved: (1) a request for a larger television and (2) a refund for an unused phone card. (*Id.* ¶ 10.) A search of grievance records shows that Plaintiff filed no appeals. (*Id.* at ¶ 11.) Plaintiff stated in his deposition that he used the grievance process approximately ten times. (*Id.* at ¶ 14.) He, however, cannot recall if he filed a grievance about infestations of roaches, rodents, or spiders or about mold. (*id.* at ¶¶ 15, 16, 17.)

Although Defendant's motion for summary judgment also addresses the merits of Plaintiff's claims, the motion sufficiently establishes that summary judgment is warranted on their failure to exhaust defense. The Court's ruling is thus confined to this issue.

**DISCUSSION**

The Prisoner Litigation Reform Act requires the exhaustion of "administrative remedies as are available" before an inmate brings his claims to court. 42 U.S.C. § 1997e(a). An inmate must use "'all steps that the agency holds out,' and he must "do[ ] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The Seventh Circuit has taken "strict compliance approach to exhaustion." *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011) (quoting *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006)). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Failure to exhaust is an affirmative defense, and the defendant bears the burden of proving an inmate failed to exhaust available administrative remedies. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

As the above described evidence demonstrates, administrative remedies were not exhausted in this case. A search of Cook County Jail's grievance records reveals that Rodriguez filed only two grievances—one requesting a larger television; the other seeking a refund of money he put on a phone card. He did not grieve the issues that are the subject of this case—adverse living conditions and inadequate medical attention for a spider bite.

The court notes that the plaintiff stated in his deposition that he used the jail's grievance system ten times, as opposed to two. (Dkt. 43 at ¶¶ 10, 14-17.) Inmates are required to exhaust only those administrative remedies that are "available." *See* § 1997e(a). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use.'" *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001). "[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)); *see also Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). If prison officials thwart inmates from exhausting, "the process that exists on paper becomes unavailable in reality." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

If the jail's grievance system was not available to Rodriguez (that is, if he filed approximately ten grievances but never heard responses), then he should have presented something in response to Defendant's summary judgment motion, such as his own affidavit stating he never received responses, other inmates' affidavits stating their grievances were never answered, or even just a response to the defendant's summary judgment motion pointing to places in the record indicating that the jail's grievance system was not available. Sheriff Dart included with his summary judgment motion a Rule 56.2 Notice to Pro Se Litigant Opposing a Motion for Summary

Judgment, explaining to Rodriguez not only how to respond to the summary judgment motion, but also his need to do. (Dkt. 42-3, pg. 2) (the notice advised Plaintiff that, if he failed to respond to the summary judgment motion, "the judge will be forced to assume that you do not dispute the facts which you have not responded to"). In addition, Rodriguez was twice informed of the briefing schedule for the defendant's summary judgment motion. (Dkt. 45, 47.) Nevertheless, Rodriguez filed no response, not even a simple explanation that he does not know how to respond but that he did file grievances or that he could not file grievances.

The summary judgment record thus demonstrates that Cook County Jail had a grievance system when Rodriguez was incarcerated there, that he used it twice in efforts to obtain a larger television and for a refund of money, but that he did not use it in connection with the issues that are the subject of this case. Sheriff Dart has therefore met his initial burden of showing that there is no genuine dispute as to an issue of material fact such that he is entitled to judgment as a matter of law based on the plaintiff's failure to exhaust. Rodriguez has not responded with anything indicating that the Sheriff's failure-to-exhaust defense is incorrect or unsupported. *Johnson v. Advoc. Health and Hosps. Corp.*, 892 F.3d 887, 896 (7th Cir. 2018) (after a defendant makes the requisite showing for summary judgment, "[i]t is the plaintiffs' responsibility to go beyond the pleadings and designate specific facts showing that there is a genuine issue"); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168–69 (7th Cir. 2013) ("The nonmovant need not depose her own witnesses or produce evidence in a form that would be admissible at trial, but she must 'go beyond the pleadings' (e.g., produce affidavits (even her own), depositions, answers to interrogatories, or admissions on file).").

Accordingly, the Court concludes that there is no genuine dispute as to an issue of material fact with respect to the exhaustion issue and that Rodriguez failed to exhaust available administrative remedies for his claims.

**CONCLUSION**

The defendant's motion for summary judgment [42] is granted. Final judgment for the defendant shall enter. If the plaintiff wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment and pay the $505.00 filing fee. *See* Fed. R. App. P. 4(a)(1). Under Fed. R. App. P. 24(a)(1) and 28 U.S.C. § 1915, a plaintiff may seek, via a motion in this Court, to proceed *in forma pauperis* on appeal, which will allow him to pay that fee in installments. The motion must state the issues the plaintiff seeks to assert on appeal. The appellate fee must be paid regardless of the appeal's outcome; however, if the appeal is successful, the plaintiff may be able to shift the costs of the appeal to the defendant. *See* Fed. R. App. P. 39(a)(3); *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) ("A litigant who proceeds *in forma pauperis* still owes the fees. If he wins, the fees are shifted to the adversary as part of the costs; if he loses, the fees are payable like any other debt."). If the appeal is found to be non-meritorious, the plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit or appeal a judgment in federal court without prepaying the filing fee, unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Date: July 17, 2018        /s/ _____
                           John J. Tharp, Jr.
                           United States District Judge